UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Digna M. Spinks, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | Civil Action H-11-3468 |
| | § | |
| Federal National | § | |
| Mortgage Association, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## Opinion on Dismissal

1.     *Introduction*

      A woman who could not pay her mortgage sued to stop the bank from evicting her, saying that it promised to modify her loan and then improperly foreclosed on the house. The bank has moved to dismiss the case. The bank will prevail.

2.     *Background.*

      In 1995, Digna Spinks bought a home with money from a mortgage. In 2005, she refinanced the mortgage with Bank of America. In the summer of 2008, she lost her job and by August of 2008 had stopped paying. In April of 2009, she applied to modify her loan. In August, she was approved for a trial modification with a $614.83 monthly payment. At the end of the trial, the bank told her to keep paying the same amount while it considered her application for a permanent modification.

      In February of 2010, the bank asked her to send more documents. In March, the bank told her by telephone that she would be approved. By November, she had not received the modification agreement and was told that she was not eligible for the program. In February of 2011, the bank told Spinks that she was in default and needed to pay $15,396.36 or the loan would be accelerated. That month, the bank again told her she was not eligible for a modified mortgage.

      In March, she re-applied for a modification. On April 4, she was told that her home would be

sold at foreclosure.  On April 5, the house was sold.  Ten days later, the bank sent a letter advising that she had finished the forbearance agreement and could resume paying the full monthly payment. In May, she was again told that she did not qualify for the modification program.  From September of 2009 until April of 2011, Spinks paid $614.83 each month.  In August, the new owner of the house got a judgment of possession and said that it would evict her.  She sued in state court and temporarily stopped the eviction.

3.    *Acceleration and Foreclosure.*

Spinks says that the bank incorrectly accelerated the mortgage and foreclosed on the property. She says that the bank did not give her proper notice of the foreclosure.  Her claims that the bank agreed to delay the foreclosure contradict her claim that she did not have notice.  She says that the bank was negligent and did not complete the modification before foreclosure.  She had a temporary modification and nothing more.  The bank did not permanently modify her loan, and she was not entitled to it.  She was unconditionally obliged to repay her loan; she did not.  Since she did not have a right to the modification, the bank was not negligent in denying her application or delaying its decision.  Intentionally denying the modification is not an injury – just a financial decision the lender is entitled to make.

She says that the bank promised to cancel and reschedule the foreclosure.  She cannot show that the bank promised to do anything.

She says that the bank misled her to reasonably believe that the bank would not foreclose, so that it was too late to correct her non-payment.  Since she had been denied for a modification already, it was not reasonable to believe that foreclosure would be canceled.  She had almost three years to meet her obligation to pay and did not. She alone is responsible for not acting before time ran out.

She says that bank did not follow the procedures for cure.  She received proper notice of the amount she needed to pay to cure.

4.    *Fraud.*

Spinks says that the bank lied when it told her that she would be approved and that the foreclosure would not happen.  She cannot show that she relied on the promise to her detriment.  She did not have and could not get the funds to cure or pay in full.

She cannot show that she suffered harm.  She lived in the house for almost three years without

paying what she owed. She could not have relied on the bank's representations, since she already was obliged to pay.

She cannot recover under Texas law. The statute about fraud in land and stock sales applies only where a party sold property to the other, and the bank did not sell the house.[1]

5.    *Breach.*

She says that the bank breached their contract by foreclosing. Except for her mortgage and the temporary modification, she has no other contracts that could be breached. She asked to change the contract, and the bank rejected her offer. The bank is not obliged to renegotiate the note.

6.    *Negligence.*

She says that the bank acted negligently when it denied the modification and foreclosed. She has no facts to support this claim. The bank had no duty to approve the modification, and she had no injury. She was denied a modification, was told the amount she owed, and knew that the bank would foreclose on her home.

7.    *Deception.*

Spinks says that the bank intentionally deceived her and illegally collected the debt. She shows nothing to support her claim that the bank used unfair methods to collect her debt, illegally threatened her, deceived her, or lied about the character and amount of her debt.[2] She suffered no injury from the bank's lawful actions. The foreclosure did not hurt her credit – her not paying her mortgage affected her credit.

---

[1] Tex. Bus. & Com. Code § 27.01 (2011).

[2] Tex. Bus. & Com. Code § 17.50 (2011); Tex. Finance Code § 392.301–392.304 (2011).

8.    *Conclusion.*

Digna Spinks borrowed money to buy a house and promised to pay her debt. When she could not keep up with her payments, she knew that foreclosure was a likely consequence. She suffered no harm, since she was able to remain in her house long after she stopped paying the full amount. Long after she was unable to pay, she brought this claim to prevent the lender from collecting through its security interest – an interest that was the only way she was able to borrow. She accused the bank of five misdeeds with no facts. This suit is a cri de coeur that raised the cost of credit to everyone else.

Her claims against the Bank of America and the Federal National Mortgage Association will be dismissed.

Signed on December __13__, 2011, at Houston, Texas.

Lynn N. Hughes
United States District Judge